UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTHA WING, as Personal Representative for the Estate of Marlene H. Neely,<br>      Plaintiff,<br><br>v.<br><br>CALDER JAMES NEELY and SPENCER MICHAEL NEELY, minors,<br>      Defendants. | Cause No.: 2:11-CV-140-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Approval of Confidential Mutual Release and Settlement Agreement [DE 72], filed by Defendants on July 22, 2014, and Defendants' Motion to Approve Attorney Fee [DE 85], filed under seal with leave of Court on October 4, 2014.[1]

On October 21, 2014, Plaintiff Martha Wing, as Personal Representative for the Estate of Marlene H. Neely, deceased, appeared, not in person, but by counsel Mark J. Crandley. Defendants Calder James Neely and Spencer Michael Neely, minors, appeared, not in person, but by their parents and natural guardians Kenneth R. Neely and Julie Neely and by counsel Thomas M. Greenberg. The Court received evidence and arguments on both motions.

**I. Background**

Calder James Neely is a minor born in 2004; Spencer Michael Neely is a minor born in 2007. They are brothers and the biological children of Kenneth R. Neely and Julie Neely. Both children were born during their parents' marriage. Both have at all times resided in their parents' household.

---

[1] A redacted and unsealed version of this Motion was also filed on the same date. *See* DE 86.

1

Thomas Neely and Marlene H. Neely were the paternal grandparents of the minors Calder James Neely and Spencer Michael Neely. Both Thomas Neely and Marlene Neely are deceased. Thomas Neely died before Marlene Neely died.

The grandparents, Thomas Neely and Marlene Neely, left various assets (money accounts and two parcels of real estate) for transfer upon death to the minors Calder James Neely and Spencer Michael Neely. This was accomplished by transferring money from a joint account to a new account titled to Thomas Neely alone, which designated the minors as sole Transfer on Death beneficiaries, and, as to the parcels of real estate, by executing deeds to the minors upon the death of the grandparent to last die.

Plaintiff Martha Wing, as Personal Representative for the Estate of Marlene Neely, on the one hand, and Defendants, by their parents and natural guardians, on the other hand, disputed the legal propriety of the estate planning and transfers of assets to the grandchildren based on alleged fraud and undue influence by grandfather Thomas Neely and alleged incompetence by grandmother Marlene Neely.

The dispute is multifacteted and has gone on for a long time. It has made its way into the state courts of Indiana and Mississippi and the federal courts of Indiana and Missouri. The parties eventually negotiated and entered a written global settlement agreement resolving the dispute as to all of the four courts. All that remains before this Court is the approval of the settlement agreement and an ancillary dispute about which court should approve the attorney fee requests by the attorney for Defendants and a request for approval of payment of Defendants' Indiana state inheritance taxes out of Defendants' gross settlement.

## II. Jurisdiction

The nature of this Court's jurisdiction in this case is diversity of citizenship. *See* 29 U.S.C. § 1332. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 65 (1938), and its progeny, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Cntr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-302 (7th Cir. 2010). Moreover, although federal courts rarely have jurisdiction over matters that involve probate issues to the extent that this case does, this Court, as explained in District Judge Moody's March 9, 2012 order, has jurisdiction over this case. *See* DE 17.

On October 2, 2014, the parties orally agreed to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## III. Approval of the Settlement Agreement

The Confidential Mutual Release and Settlement Agreement [DE 70] of the parties dated December 9, 2013, has been admitted into evidence in this Court, under seal.

This Court finds that:

1. the settlement agreement was negotiated in good faith and is fair and reasonable under the circumstances;

2. the settlement agreement is in the best interests of Defendants;

3. Plaintiff Martha Wing, as Personal Representative for the Estate of Marlene Neely, has no objection to the Court approving the settlement agreement.

Moreover, the Court finds that it need not appoint a guardian ad litem or similar person to protect the interests of the minors in this case pursuant to Federal Rule of Civil Procedure 17(c)(2) because in this case Defendants and their best interests are satisfactorily represented by their parents and

3

natural guardians as well as by counsel.

The December 9, 2013, Confidential Mutual Release and Settlement Agreement is hereby **APPROVED** by this Court. The Court **ORDERS** the parties to carry out the terms of their Confidential Mutual Release and Settlement Agreement in good faith and within a reasonable time.

### IV. Attorney Fee and Inheritance Tax Issues

The Petition for Approval of Confidential Mutual Release and Settlement Agreement also, at least by implication, asks for Court approval of attorney fees for the legal services of the attorneys for Defendants and for payment of Indiana inheritance taxes. The Defendants' Motion to Approve Attorney Fee also, of course, asks for court approval of attorney fee payments for legal services of the attorneys for Defendants. The settlement agreement itself, however, is silent on whether this Court has any role to play in the approval of attorney fees or inheritance tax payments.

Plaintiff does not object to the amount or reasonableness of the fees; rather, her objection is on a deeper level: whether this Court has authority to rule on the ancillary issues of payment of attorney fees and inheritance tax at all. Plaintiff's objection in essence is that these have been improperly injected into this matter and should be left for Defendants to work out on their own.

Plaintiff's objections are not proper. As she admits, the attorney fee agreement is of no concern to her. Her vague fear that a decision by this Court on these issues could come back to haunt her after the minors reach the age of majority appears speculative. Any lawsuit brought by Defendants against Plaintiff would quickly collide with the settlement agreement and presumably die there. Plaintiff also offered no objection when attorney fees came before the Missouri Court, which granted them. The objection is overruled. *Cf. Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 501 (7th Cir. 2012).

While the procedural posture of this matter is unusual, the Court sees no reason why it may not address the ancillary issues of approval of attorney fees and inheritance tax. These matters are related to this dispute and the global settlement agreement and are important to the underlying considerations of fairness to Defendants, who are minors. As such, the Court **GRANTS** both the Petition for Approval of Confidential Mutual Release and Settlement Agreement [DE 72] and the Defendants' Motion to Approve Attorney Fees [DE 85]. The Court **ORDERS** that:

1. a guardian or co-guardians be appointed by an appropriate state probate court for and on behalf of the estates of the Defendants as required by Indiana Code § 29-3-9-7(b); and

2. from the gross proceeds of the settlement, the guardian or co-guardians for the minors shall pay:

   (A) the approved attorney fees to attorneys Thomas M. Greenberg and Paul Rechenberg; and

   (B) the Indiana state inheritance tax obligations owed by the minors.

SO ORDERED this 23rd day of October, 2014.

> s/ Paul R. Cherry
> Paul R. Cherry
> Magistrate Judge
> United States District Court
> Northern District of Indiana

cc: Mark J. Crandley and Bradley J. Dougherty, Attorneys for Plaintiff Martha Wing, as Personal Representative for the Estate of Marlene H. Neely, deceased

Thomas M. Greenberg, Attorney for Defendants